UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHIL TOMPKINS, et al., derivatively on behalf of K-V PHARMACEUTICAL CO., <br><br> Plaintiffs, <br><br> vs. <br><br> GREGORY J. DIVIS, et al., <br><br> Defendants. | Case No. 4:11-CV-1982-JAR |

## ORDER OF DISMISSAL

This matter is before the Court on Defendants' Unopposed Motion to Dismiss. (Doc. No. 61) For the reasons set forth in Defendants' motion, the Court agrees with the parties that the appropriate course of action in this case is dismissal, and will, therefore, approve dismissal of this action pursuant to the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 23.1(c) ("[a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval").

While Rule 23.1(c) provides that notice of voluntary dismissal "must be given to shareholders or members in the manner that the court orders," the Court finds it unnecessary to provide such notice here because the shareholders are barred from pursing derivative claims on behalf of K-V by virtue of K-V's bankruptcy filing. See, Thornton v. Bernard Tech, Inc., C.A., 2009 WL 426179 at *3-4 (Del. Ch. Feb. 20, 2009) ("[t]he derivative claims, upon the commencement of the bankruptcy proceeding, became the property of the bankruptcy estate and subject to the control of the Bankruptcy Court."); Seinfeld v. Allen, 169 Fed. App'x 47, 49 (2d Cir. 2006) ("the plan is clear that the reorganized debtor . . . not the individual stockholders, retains the right to bring legal action for its own benefit"). See also, In re WorldCom, Inc., 351 B.R. 130, 134 (Bankr. S.D.N.Y. 2006).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Unopposed Motion to Dismiss [61] is **GRANTED** and this action is **DISMISSED**.

Dated this 8th day of April, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE